UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BENARD COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:05CV211 HEA |
| | ) |
| STEVE LONG, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion to Dismiss, [Doc. No. 13]. Plaintiff was granted a fifteen day extension to file a response. Plaintiff has filed an "incomplete" response to the motion and has asked the Court to reconsider its denial of a 60 day extension to respond to the motion, which the Court denied on June 14, 2006.[1] Defendants allege that plaintiff has failed to administratively exhaust all of his claims and has failed to state a cause of action. Because plaintiff has failed to demonstrate that all of his claims have been exhausted as to all defendants in accordance with 42 U.S.C. § 1997e(a), the motion to dismiss will be granted.

---

[1] Plaintiff requested a 60 day extension in order to read all of the cases cited by defendants and prepare his response. As set forth herein, the Court granted a 15 day extension. In light of the facts and circumstances of this matter and the determinative issues, the 15 day extension was sufficient.

## Facts and Background

Plaintiff is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. Plaintiff's Complaint is brought under the provisions of 42 U.S.C. § 1983 and alleges several claims of violations of his First, Eighth and Fourteenth Amendment rights. In his Complaint, plaintiff claims, *inter alia*, that: his property was thrown, he wasn't given an inventory of his property, he wasn't given hygiene products from his property, he was not supplied with proper cleaning materials (gloves and a mop), he was not given his religious magazine, defendant Long deliberately lied in his response to plaintiff's grievance regarding his property, defendant Roach called plaintiff names and issued plaintiff a conduct violation for bogus threats, defendant Holmes issued a bogus conduct violation, defendant COI Williams refused to deliver plaintiff's property to the property room, and intercepted plaintiff's legal mail and tossed it in the trash. Plaintiff seeks an Order from this Court which would require the Department of Corrections to keep defendants Williams, Holmes and Roach separated from plaintiff, an Order that defendants provide plaintiff with proper cleaning supplies, to be allowed all religious materials, and to replace all of his property, and monetary damages in the amount of $2,500,000.

## Discussion

Section 1997e(a) of Title 42, U.S.C., requires prisoners to fully exhaust all available administrative remedies before filing a lawsuit. This Section provides::

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is mandatory, even where the administrative process cannot provide the relief sought by the plaintiff. *See Booth v. Churner,* 532 U.S. 731, 741 n. 2 (2001); *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003).

In *Johnson*, the Eighth Circuit Court of Appeals held:

> The Supreme Court [ ] addressed the issue of exhaustion under section 1997e(a) in *Porter,* holding that exhaustion is now mandatory. 534 U.S. at 524, 122 S.Ct. 983. The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s] ... brought with respect to prison conditions," whether under § 1983 or "any other Federal law."
> *Id.* (internal quotations and citations omitted).
>
> In light of the Supreme Court holdings in *Booth* and *Porter,* our holding in *Williams* is no longer tenable. Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court

must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

Defendants have submitted affidavits and exhibits which establish that plaintiff filed six grievances with Southeast Correctional Center, and only exhausted five of these grievances. Plaintiff did not exhaust his claim that defendant Long deliberately lied on a response to plaintiff's appeal; that defendant Roach called plaintiff names and that defendant Roach issued a false conduct violation to plaintiff.

The Eighth Circuit Court of Appeals has very recently articulated that dismissal is mandatory if a prisoner plaintiff fails to exhaust administrative remedies as to *all* of a multitude of claims:

> [W]hen an inmate joins multiple prison-condition claims in a single complaint, as in this case, § 1997e(a) requires that the inmate exhaust all available prison grievance remedies as to all of his claims prior to filing suit in federal court. *Graves v. Norris,* 218 F.3d 884, 885 (8th Cir. 2000)(per curiam). If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory. *Johnson v. Jones*, 340 G.3d 624, 627 (8th Cir. 2003).

*Abdul-Muhammad v. Kemper*, 2006 WL 1596717, *2 (8th Cir. June 13, 2006).

Because the record demonstrates that plaintiff failed to exhaust certain claims

contained in his Complaint, the Complaint must be dismissed in accordance with 42 U.S.C. § 1997e(a).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. No. 13], is granted

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice.

Dated this 22nd day of June, 2006.

_____
       HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE