UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY BENARD. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:05CV211 HEA |
| | ) |
| STEVE LONG, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Charles Dwyer's Motion to Dismiss, [Doc. No. 65]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff filed this action claiming that while he was in administrative segregation at Southeast Correctional Center, ("SECC") certain grievances were denied, his personal property was thrown away, that he was not given an inventory of his personal property, he was not provided certain hygiene products from his property, he was not provided with gloves or a mop for cleaning his cell, and he was not given a religious magazine. Plaintiff seeks monetary damages in the amount of $2,500,000.00, as well as injunctive relief ordering Defendant to keep certain officers separated from him, to provide him with "proper" cleaning supply and to

replace his property.[1]

## Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 563 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,*. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it

---

[1] Defendant asserts sovereign immunity on Plaintiff's official capacity claims and qualified immunity on Plaintiff's personal capacity claims. Defendant is correct that in his official capacity, the Eleventh Amendment bars this action. "The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities." *Nix v. Norman,* 879 F.2d 429, 432-33 (8th Cir. 1989). To decide whether an official is entitled to qualified immunity, the Court "must determine whether there was a constitutional violation, and, if so, whether the right that was violated was so clearly established when the events in question occurred that a reasonable official would have known that her conduct was unconstitutional. See *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir.2009)" *Martin v. Russell*, 563 F.3d 683, 685 (8th Cir. 2009). Because the Court finds the Complaint fails to state a claim, further qualified immunity analysis is not required.

strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 556. This standard of review has been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 544 U.S. at 555. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written

instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

**Discussion**

Plaintiff sets out two allegations against Defendant. Plaintiff claims Defendant denied his grievance concerning the quality of cleaning supplies given to administrative segregation inmates. He also claims that Defeat violated his Fifth, Eighth and Fourteenth Amendment rights by not allowing him safe cleaning supplies.

Plaintiff alleges that on May 31, 2005, Defendant responded to a grievance that Plaintiff filed concerning safer conditions for cleaning cells. Plaintiff further alleges Defendant denied the grievance, responding that inmates are given adequate cleaning supplies in light of security concerns.

For the Plaintiff to prevail under 42 U.S.C. § 1983, Plaintiff must show a violation of one of his federally protected rights. Neither state law nor state policy, however, creates a federal constitutional right. In *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993), the Eighth Circuit Court of Appeals reviewed a district court case wherein a plaintiff alleged that an officer violated his rights by failing to answer his prison grievances and by refusing to give him more than one grievance form per

day. The Court concluded that the district court properly determined that the plaintiff failed to state a claim for relief, because as a matter of law, prison grievance procedures do not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment. *Id*; see also. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam). As there is no constitutional right to a grievance procedure, it therefore follows that the alleged "denial" of the grievance, even if improper, cannot be remedied through 42 U.S.C. § 1983. See *Flick*, 932 F.2d at 729 (holding that holding "that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). The grievance system *per se* is not constitutionally required. Thus, Plaintiff cannot state a claim upon which relief can be granted with respect to Defendant's denial of his grievance.

Plaintiff also alleges that Defendant violated his Fifth, Eighth and Fourteenth Amendment rights by not allowing him safe cleaning supplies. For a defendant to be held liable under § 1983, he or she must have personally participated in, or had

some responsibility for, the particular act which deprived the plaintiff of a constitutionally protected right. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir.2007). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Id.* (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir.2006)). Plaintiff has alleged nothing regarding Defendant's personal involvement, other than the denial of the grievance with respect to cleaning supplies. This is insufficient to withstand a motion to dismiss. The Eighth Circuit Appeals has held that a prison official's denial of grievances was insufficient to impose liability under § 1983. See *Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir.2006) (unpublished) (per curiam).

To the extent that Plaintiff's § 1983 claims against Defendant is based on the actions of those he supervised, these claims must likewise be dismissed in that there is no *respondeat superior* liability under § 1983. Supervisory personnel are not liable under § 1983 absent "a showing of direct responsibility for the improper action" or "personal involvement of the officer being sued." *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982) (citations omitted). See *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.") (citation omitted); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability

under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (finding respondeat superior theory inapplicable in § 1983 actions). A supervisor may be found liable for failure to supervise or control his subordinates only where a plaintiff establishes his "deliberate indifference or tacit authorization of the offensive acts by failing to take remedial steps following notice of a pattern of such acts by his subordinates." *Wilson v. City of N. Little Rock*, 801 F.2d 316, 322 (8th Cir. 1986). "In order for a supervisor to be held liable for the acts of a subordinate, something more must be shown than merely the existence of the supervisor/subordinate relationship." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987). Absent such allegations, no individual liability can be imposed on this Defendant.

## Conclusion

Based upon the foregoing, Plaintiff has failed to state a cause of action against Defendant Dwyer. As such, his claims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 65], is granted.

**IT IS FURTHER ORDERED** that Defendant Dwyer is dismissed from this action.

Dated this 3rd day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE