UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANTHONY BENARD COOK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV211 HEA |
| | ) | |
| STEVE LONG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Steve Long, Johnny Williams and John Roach's Motion for Summary Judgment, [Doc. No. 50]. Plaintiff has been given four extensions of time within which to file a response, but has failed to do so. Plaintiff has not sought another extension within the time allowed by the Court to file a response. For the reasons set forth below, the Motion is granted.

### Facts and Background

Plaintiff filed this action claiming that while he was in administrative segregation at Southeast Correctional Center, ("SECC") certain grievances were denied, his personal property was thrown away, that he was not given an inventory of his personal property, he was not provided certain hygiene products from his property, he was not provided with gloves or a mop for cleaning his cell, and he was

not given a religious magazine.[1] Plaintiff seeks monetary damages in the amount of $2,500,000.00, as well as injunctive relief ordering Defendants to keep certain officers separated from him, to provide him with "proper" cleaning supply and to replace his property.[2]

Defendants have submitted a Statement of Uncontroverted Material Facts, to which Plaintiff has failed to respond. Defendants' Statement is supported by specific evidence in the record, affidavits and deposition testimony. As such, the following facts are deemed admitted.

> Missouri Department of Corrections ("MDOC") is an agency of the State of Missouri and existing under the laws of the State of Missouri. Defendant Steve Long was Assistant Director of the MDOC's Division of Adult Institutions during the time-period relevant to this cause of action. Defendant Johnny Williams was a Functional Unit Manager ("FUM") at SECC, an MDOC facility in Charleston, Missouri, during the time-period relevant to this cause of action.

---

[1] As Defendants correctly point out, several of Plaintiff's claims have been previously dismissed for failure to administratively exhaust these claims. See Opinion, Memorandum and Order dated June 22, 2006.

[2] Defendants assert sovereign immunity on Plaintiff's official capacity claims and qualified immunity on Plaintiff's personal capacity claims. Defendants are correct that in their official capacity, the Eleventh Amendment bars this action. "The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities." *Nix v. Norman,* 879 F.2d 429, 432-33 (8th Cir. 1989). To decide whether an official is entitled to qualified immunity, the Court "must determine whether there was a constitutional violation, and, if so, whether the right that was violated was so clearly established when the events in question occurred that a reasonable official would have known that her conduct was unconstitutional. See *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir.2009)" *Martin v. Russell*, 563 F.3d 683, 685 (8th Cir. 2009). Because the Court finds no constitutional violation, further qualified immunity analysis is not required.

Defendant John Roach was a Correctional Officer I ("CO-I") at SECC, an MDOC facility in Charleston, Missouri, during the time-period relevant to this cause of action.

Plaintiff was an offender incarcerated in administrative segregation in Housing Unit 1, Cell A-153, at SECC during the time-period relevant to this cause of action. Plaintiff is currently an offender incarcerated at the Jefferson City Correctional Center ("JCCC"), an MDOC facility in Jefferson City, Missouri.

Plaintiff filed an Informal Resolution Request, a Grievance, and Grievance Appeal concerning his complaint that a mop and gloves were not provided for his use when cleaning his administrative segregation cell. While incarcerated in administrative segregation in Housing Unit 1, Cell A-153, at SECC, Plaintiff was permitted to clean his cell once each week. As an administrative segregation offender, Plaintiff was provided with a sponge, cleaning rags, and a short-handled toilet bowl brush to clean his cell. As an administrative segregation offender, Plaintiff was provided with a bucket or pan filled with clean water and cleaning chemicals to use when cleaning his cell each week. Due to safety concerns, plastic gloves were not provided to Plaintiff to use while cleaning his cell because plastic gloves were considered contraband in administrative segregation in Housing Unit 1 at SECC.

Plaintiff was subject to MDOC Policy D3-6.2 "Abandonment of Offender Personal Property." MDOC Policy D3-6.2 § III.A. states that an inmate's "[p]ersonal property shall be considered abandoned and consequently forfeited to the Department of Corrections when an offender is officially declared an escapee." Plaintiff escaped from MDOC custody on November 22, 2004.

Plaintiff filed an Informal Resolution Request, a Grievance, and Grievance Appeal concerning his complaint that he was not allowed to practice his religion because he was not permitted access to multiple magazines while in administrative segregation in Housing Unit 1 at SECC during the time-period relevant to this cause of action. During

- 3 -

the time-period relevant to this cause of action, Plaintiff was permitted only one magazine subscription and one newspaper subscription while in administrative segregation. Plaintiff had a Bible while in administrative segregation. Plaintiff was given his choice of one magazine and one newspaper t receive while in administrative segregation. Plaintiff chose "Rides" as his magazine of choice. Plaintiff chose "The Christian Science Monitor" as his newspaper.

## Discussion

### Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e);

*Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could

reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). Although a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to "accept unreasonable inferences or sheer speculation as fact." *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir.), cert. denied, 543 U.S. 956 (2004); *Reed v. City of St. Charles, Mo*. 561 F.3d 788, 791-92 (8th Cir. 2009).

### Grievances

Plaintiff claims that Defendant Long and Williams violated his constitutional rights by denying his grievances on the issue that he was not provided with gloves or a mop to clean his cell while he was in administrative segregation. Nevertheless, Plaintiff has no constitutional right to a grievance procedure. For the Plaintiff to

prevail under 42 U.S.C. § 1983, Plaintiff must show a violation of one of his federally protected rights. Neither state law nor state policy, however, creates a federal constitutional right. In *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993), the Eighth Circuit Court of Appeals reviewed a district court case wherein a plaintiff alleged that an officer violated his rights by failing to answer his prison grievances and by refusing to give him more than one grievance form per day. The Court concluded that the district court properly determined that the plaintiff failed to state a claim for relief, because as a matter of law, prison grievance procedures do not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment. *Id*; see also. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam). As there is no constitutional right to a grievance procedure, it therefore follows that the alleged "denial" of the grievance, even if improper, cannot be remedied through 42 U.S.C. § 1983. See *Flick*, 932 F.2d at 729 (holding "that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). The grievance system *per se* is not constitutionally required. Thus, no

genuine issue of material fact remains as to Plaintiff's claims regarding his grievances.

## Eighth Amendment Claims

Plaintiff claims he was not provided with a mop or gloves to use during the cleaning of his cell while he was in administrative segregation at SECC. Defendants construed this claim, as does this Court, as one under the Eighth Amendment prohibition against cruel and unusual punishment.

> To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The second requirement is subjective and requires that the inmate prove that the prison officials had a "sufficiently culpable state of mind." *Id*. Eighth Amendment cases are analyzed in light of the specific claim raised... In prison conditions claims, which include threats to an inmate's health and safety, the subjective inquiry is whether the prison officials were deliberately indifferent to a serious risk of harm to the inmate. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970; Arnold, 109 F.3d at 1298.

*Irving v. Dormire,* 519 F.3d 441, 446 (8th Cir. 2008).

The "Constitution does not mandate comfortable prisons" nor that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Additionally, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment

violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Thus, in order to state a valid Eighth Amendment conditions-of-confinement claim, a prisoner must allege that: (1) objectively, the conditions were sufficiently serious as to pose a substantial risk of serious harm to his health or safety; and (2) the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir.1996).

Applying these legal principles, the Eighth Circuit has held that conditions far worse than those alleged by Plaintiff fail to rise to the level of a constitutional violation. See, e.g., *Goldman v. Forbus*, Case No. 00-2462WA, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith*, 87 F.3d at 269 (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir.1996) (four days without underwear, blankets, mattress, exercise and visits not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir.1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir.1993) (eleven days in an unsanitary cell did not amount to a constitutional violation).

Plaintiff claims not to have been given a mop and gloves. He was, however, provided with sponges, cleaning rags, a toilet bowl brush, and clean water with cleaning chemicals mixed in. Moreover, plastic gloves are considered contraband in administrative segregation by the Missouri Department of Corrections. In addition, Plaintiff has failed to establish any injury as a result of the conditions of which he complains. Accordingly, the Court concludes that Plaintiff has failed to state a viable claim for an Eighth Amendment violation.

**First Amendment Claim**

Plaintiff claims that he was not allowed to practice his religion because he was not allowed more than one magazine subscription.

While prisoners retain constitutional rights, they are subject to limitations on those rights "in light of the needs of the penal system." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir.2004), *cert. denied*, 543 U.S. 991 (2004). An inmate's constitutional claims are evaluated under a lesser standard of scrutiny, even though such claims would receive strict scrutiny analysis if brought by a member of the general population. *Id.* "A prison regulation or action is valid, therefore, even if it restricts a prisoner's constitutional rights if it is 'reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Court considers four factors in making this determination:

(1) "whether there is a 'valid rational connection' between the prison regulation and the government interest in justifying it"; (2) "whether there is an alternative means available to the prison inmates to exercise the right"; (3) "whether an accommodation would have a 'significant' 'ripple effect' 'on the guards, other inmates, and prison resources'"; and (4) "whether there is an alternative that fully accommodates the prisoner 'at de minimis cost to valid penological interests.'" *Id*. at 982-83 (quoting *Turner*, 482 U.S. at 89-91, 107 S.Ct. 2254). With regard to the second factor, "[a] prisoner need not be afforded his preferred means of practicing his religion as long as he is afforded sufficient means to do so." *Id*. at 983.

*Gladson v. Iowa Dept. of Corrections,* 551 F.3d 825, 831 (8th Cir 2009).

Thus, when the Court is faced with a Free Exercise claim, the court must, as a threshold matter, inquire as to whether the prison has placed a "substantial burden" on the prisoner's ability to practice his religion. *Gladdon*, 551 F.3d 833. The record before the Court establishes that the prison did not place a substantial burden on Plaintiff's ability to practice his religion. Plaintiff was given a choice of which publication he could have utilized. Plaintiff himself did not choose the religious magazine, the lack of which he now complains. Rather, Plaintiff was given a choice of one magazine and one newspaper. Plaintiff chose to receive "Rides" and the "Christian Science Monitor" over his religious magazine; Defendants did not hinder Plaintiff's ability to obtain the magazine. Notwithstanding Plaintiff's choice is the reason for not receiving the publication, Plaintiff has completely failed to present any evidence that lack of the magazine is infringing on his free exercise of religion.

Plaintiff has not alleged that the teachings of his religion require the use or reading of the magazine; he has not alleged that there were not alternative means through which he can practice his faith without the magazine. Indeed, Plaintiff was allowed to have, and did have a Bible in his cell. "If the prisoner fails to put forth sufficient evidence that his ability to practice his religion has been substantially burdened, then the court need not apply the *Turner* test to the Free Exercise claim. *Id.* As such, Defendants are entitled to summary judgment on Plaintiff's First Amendment Free Exercise of Religion claim.

**Destruction of Property**
**Property Inventory and**
**Hygiene Products**

Plaintiff makes no allegations against the moving Defendants with respect to his claims that his property was discarded, he was not given an inventory of his property and was not provided certain hygiene products from his property. For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived the plaintiff of a constitutionally protected right. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir.2007). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Id.* (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir.2006)). A plaintiff fails to meet this burden where no evidence is

presented that the officials caused the deprivation of rights. *Id.* Because Plaintiff cannot demonstrate the direct personal involvement of Defendants necessary to establish their § 1983 liability, they are entitled to summary judgment on Plaintiff's § 1983 claims brought against them.

**Injunctive Relief Claims**

Defendants correctly argue that Plaintiff's claims for injunctive relief are moot by reason of the fact that he has been transferred to a different correctional center.

> Recently, in *Pratt v. Corrections Corp. of America,* 267 Fed.Appx. 482 (8th Cir.2008) (unpublished per curiam), an inmate who was formerly housed in the Prairie Correctional Facility (PCF) in Minnesota appealed the district court's grant of summary judgment to the Corrections Corporation of America (CCA) and various CCA-PCF officials in his 42 U.S.C. § 1983 action on his RLUIPA claim, among others, regarding the denial of a prison diet containing Halal meat. *Id.* at 482. We determined that the inmate's claims for injunctive and declaratory relief were moot, as the inmate "is in federal custody and is no longer subject to CCA policy." *Id.* (citing *Smith v. Hundley,* 190 F.3d 852, 855 (8th Cir.1999) (stating that an inmate's claims for declaratory and injunctive relief are moot when he is transferred to another facility and is no longer subject to alleged unlawful conditions)); *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985); *Wycoff v. Brewer,* 572 F.2d 1260, 1262 (8th Cir.1978).
>
> Applying *Pratt* to the present case, because [Plaintiff] is no longer incarcerated at the ISP and subject to the allegedly offending policy, his claims are moot.

*Gladson*, 551 F.3d at 835.

**Conclusion**

Defendants are entitled to summary judgment on Plaintiff's claims against them. Plaintiff has failed to present any evidence that there exists genuine issues of material fact.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 50], is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and Order will be entered upon the completion of the remaining issues in this case.

Dated this 3rd day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE