UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BENARD COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV211 HEA |
| | ) | |
| STEVE LONG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel and to Compel Defendants to Provide address for Defendant Harold Williams, [Doc. No. 72]. For the reasons set forth below, the Motion is denied.

**Appointment of Counsel**

The Court notes that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id*. at 1005.

Plaintiff alleges employment discrimination under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Plaintiff has set forth the basis of his

claims and has filed a Complaint which contains the facts upon which he bases his claims.  The facts of this case do not appear to be so complex that Plaintiff is unable to pursue this action without the assistance of counsel.  Having considered the factual complexity of the case, the ability of Plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of Plaintiff to present his claims and the complexity of the legal issues involved in this case,  see *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

**Compel Address of Defendant Harold Williams**

On March 25, 2009, the Court granted Plaintiff's Motion to Compel Defendants to provide the address of Defendant Harold Williams, to the extent that his address was known to Defendants.  Defendants provided an address for Defendant Harold Williams, under seal.  Service by the United States Marshal was attempted at that address on April 30, 2009.  The Deputy Marshal certified that Defendant no longer lives at the address provided.  Defendants have fulfilled their obligation and have provided the last known address for Defendant Harold Williams.  They cannot now be compelled to provide Plaintiff with an unknown address for Defendant Harold Williams.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel and to Compel Defendants to Provide address for Defendant Harold Williams, [Doc. No. 72], is denied.

Dated this 16th day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE